UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA : CRIMINAL ACTION NO. 09-88 (MLC)

v.

JOSEPH BAKER, JR., : **MEMORANDUM OPINION**

Defendant.

**Cooper, District Judge**

Defendant, Joseph Baker, Jr., pro se, has filed two related motions in this closed criminal case, seeking to delete or challenge certain conditions of supervised release contained in the Judgment of Conviction ("Judgment") entered in this case on May 28, 2010.[1] For the following reasons, those motions are denied.

Motion 56

The first pending motion is entitled "Defendant's Expedited Motion to Correct Clerical Error under Federal Rules of Criminal Procedure 36." (Dkt. entry no. ("Dkt.") 56.)[2] This motion seeks to delete one sentence in the Judgment of Conviction, as follows: "You shall alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse." (Judgment, dkt. 34 at 3.) Defendant argues

---

[1] Defendant pleaded guilty, on November 4, 2009, to one count of possession with intent to distribute 50 grams or more of crack cocaine, under 21 U.S.C. §§ 841(a) and (b)(1)(A)(ii). His sentencing hearing was conducted on May 14, 2010, and the Judgment of Conviction was entered on May 28, 2010. (Dkt. 34 at 1.) The sentence imposed was the mandatory minimum of 120 months, with a mandatory 5-year term of supervised release and no fine. (See dkt. 51 at 3, summarizing sentencing process and calculations.)

[2] This motion, docket entry number 56, was filed on May 24, 2017. (Dkt. 56 at 1.)

that this sentence in the Judgment was a "clerical error" because this particular sentence was not orally pronounced by the Court during his sentencing hearing, and therefore the Court should now delete that sentence from the Judgment pursuant to F.R.Crim.P. 36 ("Rule 36"). (Dkt. 56 at 3-5.) The Court will deny this motion as untimely.

Defendant was sentenced on May 14, 2010. (Minute Entry, dkt. 33.) A transcript of the sentencing hearing is on the docket. (Sen. Transcript, dkt. 38.) Defendant is correct that the particular sentence to which he now objects was not orally pronounced by this Court in the language used to impose his sentence at the sentencing hearing. (Id. at 25.) That sentence was, however, included in the written Judgment as part of the particulars of the special condition of his sentence requiring drug testing and treatment. (Judgment, dkt. 34 at 3.)

Rule 36 provides in pertinent part: "After giving any notice it considers appropriate, the court **may** at any time correct a clerical error in a judgment...." (Rule 36, emphasis added.) By its express terms, Rule 36 is discretionary. The error of which defendant complains in this motion is not an error at all. The fact that the additional sentence is in the Judgment but was not pronounced in the verbatim words of the Court at the sentencing hearing is an immaterial difference not requiring correction.

It is well settled that in general, alleged errors that could have been, but were not, raised on direct appeal, may not later be attacked by collateral challenge, absent a showing of cause and prejudice. See, e.g., United States v. Frady, 456 U.S. 152, 162-63 (1982); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993). Although defendant

styles his motion as a simple motion under Rule 36, it is actually an attempt to raise a collateral challenge alleging clerical error as to one sentence in his Judgment. This attempt is untimely in the extreme, as it could have been asserted on direct appeal. Defendant did not file an appeal from the Judgment, and his time to have done so has long since expired.[3] Accordingly, assuming <u>arguendo</u> that the Court would have the authority at this time to correct the Judgment as requested under Rule 36, the Court will exercise its discretion and deny this motion as untimely.

<u>Motion 57</u>

The next motion is entitled "Defendant's Expedited Motion for Alternative Writ of Relief under the All Writs Act, 28 U.S.C. § 1651(b)." (Dkt. 57.)[4] This motion requests that "a new sentencing hearing can be held in this case in order for the Court to explain and justify its written discretionary conditions of supervised release as to Baker." (<u>Id.</u> at 1.) In this motion, defendant argues that the Court should not have imposed the Standard Conditions of Supervised Release, as set forth in the Judgment (dkt. 34 at 4-5), without

---

[3] Defendant was sentenced in this case on May 14, 2010, and his Judgment of Conviction was entered on May 28, 2010. He did not file a direct appeal, nor any post-conviction motion under 28 U.S.C. § 2255. (<u>See</u> dkt. 51 at 3.)
   The Fair Sentencing Act ("the Act') was enacted subsequent to defendant's sentencing here, and it reduced mandatory minimum terms for crack cocaine cases such as his. At that time defendant did file a motion in this Court, seeking resentencing as to his mandatory minimum of ten years imprisonment, arguing that the Act should apply retroactively to his case. (<u>See</u> dkt. 42.) We denied that motion on the merits, in a lengthy Memorandum Opinion filed on May 27, 2014. (Dkt. 51; Order, dkt. 52.) He appealed that decision, which was affirmed on June 23, 2015. (Dkt. 55.) He filed no other post-sentencing motions until the pending motions were filed in 2017.

[4] This motion, docket entry number 57, was filed on June 7, 2017. (Dkt. 57 at 1.)

3

explaining to him, and justifying under the sentencing statute, each of those standard conditions imposed upon him at his sentencing hearing. (Dkt. 57 at 2-4.)

Defendant is correct that at his sentencing hearing, this Court did not list each of the Standard Conditions of Supervised Release on the record, or explain why they should be imposed upon him in his sentence. On that topic, at the sentencing hearing on May 14, 2010, the Court stated, as was customary at the time:

> While on supervised release, he shall not commit another federal, state or local crime, shall be prohibited from possessing a firearm, or other dangerous device, and shall not possess an illegal controlled substance and shall comply with the other standard conditions that have been adopted by this Court; and he must submit to one drug test within 15 days of commencement of supervised release, and at least two tests thereafter, as determined by the Probation Officer.

(Sen. Transcript, dkt. 38 at 25.)

Defendant seeks in this motion a new sentencing hearing. There are twenty (20) Standard Conditions of Supervised Release included and printed in his Judgment. (Dkt. 34 at 4-5.) He did not file an appeal from his conviction and sentence, despite having been informed at the sentencing hearing of his rights concerning taking a direct appeal in his case. (Sen. Transcript, dkt. 38 at 26; see n.3, supra.) He did not file a motion under 28 U.S.C. § 2255 asserting collateral challenges to his sentence, and the time to have filed such a collateral challenge has also long since expired.[5] Nor has he stated any sufficient

---

[5] A Section 2255 motion is subject to a one-year limitations period. 28 U.S.C. § 2255(f). That period is measured from the date on which the judgment became final, or other measuring dates not here relevant. Id. Defendant's conviction, which was not appealed, became final 14 days after May 28, 2010, when the judgment was entered on the docket. See Fed.R.App.P. 4(b)(1)(A)(i). Thus, the time for defendant to have filed a Section 2255 motion would have expired on or about June 12, 2011, absent a showing of grounds for equitable tolling which do

4

ground for equitable tolling so as to avoid the procedural bar and assert such a collateral challenge at this time. He has had a copy of his Judgment since it was entered, and only when he was nearing the time for commencement of his supervised release did he file these two related motions.[6] His invocation of the All Writs Act does not avoid those procedural bars, because it is well settled that "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." Pennsylvania Bureau of Correction v. United States Marshals Service, 474 U.S. 34, 43 (1985). Where, as here, "a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Id. For these reasons, his motion seeking a new sentencing hearing regarding his standard conditions of supervised release must be denied as untimely.

Conclusion

       The Court will issue an appropriate Order on these two pending motions.

---

not appear here. See n.6, infra.

    [6] Defendant's explanation for the delayed timing of filing these motions is stated as follows: "Baker is scheduled to be released from federal prison in July 2018 and he is eligible for placement in a halfway house in January 2018. Therefore, his motion for alternative writ of relief should be disposed of in a prompt or expeditious manner." (Dkt. 57 at 3 n.1.) This reason would not support application of the principle of equitable tolling to overcome the procedural bars to the pending motions, even if defendant had framed his current requests for relief in the form of a motion under 28 U.S.C. § 2255. See generally Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-19 & n.1 (3d Cir. 1998).

s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge


Dated: February 28, 2018